UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § § |
| v. | § CRIMINAL NO. H-18-543 |
| KACIE LYNN THOMPSON | § § § |

## PLEA AGREEMENT

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas and Jay Hileman, Assistant United States Attorney, and the Defendant, Kacie Lynn Thompson, and the Defendant's counsel, John Parras, pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### The Defendant's Agreement

1. The Defendant agrees to plead guilty to Count Four of the Indictment. Count Four charges the defendant with Aggravated Identity Theft in violation of Title 18, United States Code, Section 1028A. The Defendant, by entering this plea agrees that she is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2. The **statutory** maximum penalty for a violation of Title 18, United States Code, Section 1028A, is imprisonment for two (2) years consecutive to any other related term and/or a fine of not more than $250,000. Additionally, the defendant may receive a term of supervised release after imprisonment of up to one (1) year. Title 18, U.S.C. §§ 3559(a)(1) and 3583(b)(1).

1

Defendant acknowledges and understands that if she should violate the conditions of any period of supervised release which may be imposed as part of her sentence, then Defendant may be imprisoned for up to one (1) year, without credit for time already served on the term of supervised release prior to such violation.   Title 18, U.S.C. §§ 3559(a)(1) and 3583(e)(3).

## Mandatory Special Assessment

3. Pursuant to Title 18, U.S.C. §3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Fine and Reimbursement

4. Defendant understands that under the Sentencing Guidelines, the Court is permitted to order the Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release; if any is ordered.

5. Defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately, and defendant will not attempt to avoid or delay payment.

6. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank accounts, credit histories, and social security information.

## Immigration Consequences

7.  The defendant recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. The defendant understands that if she is not a citizen of the United States, by pleading guilty she may be removed from the United States in the future. The defendant's attorney has advised the defendant of the potential immigration consequences resulting from the defendant's plea of guilty.

## The United States' Agreements

8.  The United States agrees to each of the following:

(a)  At the time of sentencing, the United States agrees not to oppose Defendant's anticipated request to the Court and the United States Probation Office that he receive a two (2) level downward adjustment pursuant to U.S.S.G. Section 3E1.1(a) should the Defendant accept responsibility as contemplated by the Sentencing Guidelines;

(b)  If the Court determines that the Defendant is qualifies for an adjustment under U.S.S.G. Section 3E1.1(a), and the offense level is 16 or greater, the government will move for an additional one-level reduction under USSG Section 3E1.1(b).

(c)  The United States agrees to dismiss the remaining counts of the indictment at sentencing.

## United States' Non-Waiver of Appeal

9.  The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a)  to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)  to set forth or dispute sentencing factors or facts material to sentencing;

(c)  to seek resolution of such factors or facts in conference with Defendant's counsel

and the Probation Office; and,

(d)  to file a pleading relating to these issues, in accordance with U.S.S.G. Section 6A1.2 and Title 18, U.S.C. § 3553(a).

### Sentence Determination

10. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, U.S.C. § 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

11. Defendant represents to the Court that she is satisfied that her attorney has rendered effective assistance. Defendant understands that by entering into this agreement, she surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a)  If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be

        conducted by a judge sitting without a jury if the Defendant, the United States, and the court all agree.

(b)    At a trial, the United States would be required to present witnesses and other evidence against the Defendant. Defendant would have the opportunity to confront those witnesses and her attorney would be allowed to cross-examine them. In turn, the Defendant could, but would not be required to, present witnesses and other evidence on her own behalf. If the witnesses for Defendant would not appear voluntarily, she could require their attendance through the subpoena power of the court.

(c)    At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if the Defendant desired to do so, she could testify on her own behalf.

### Factual Basis for Guilty Plea

12.    Defendant is pleading guilty because she *is* guilty of the charges contained in Count Four of the indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish the Defendant's guilt:

    The Defendant used an unlawfully obtained Postal Arrow key and other illegal means to steal mail from mail boxes. She stole mail mostly from apartment complex cluster boxes and lease houses. The Defendant used the personal identification information (PII) and financial data found in the stolen mail to commit fraud by applying for credit cards in the names of the stolen mail victims. The defendant falsely represented herself to be the victims when applying for the credit cards. The Defendant used the fraudulently obtained credit cards and counterfeit identification documents to obtain cash, merchandise and other property without the consent of the victims.

On or about September 13, 2016 the defendant used the PII of victim J.R. to apply for an American Express credit card. The application was sent online, utilizing interstate wire communications facilities. Her home in Houston, Texas was searched by law enforcement on February 13, 2018. Officers found a handwritten ledger entry that contained the PII of victim J.R. The defendant had an American Express card issued in the name of victim J.R. and at one time possessed Postal Arrow keys and stolen mail. The American Express card had been used twice on September 19, 2016 to charge at total of $415.14 at grocery stores in Houston, Texas. J.R. is a real person. The American Express card was used without the consent or lawful authority of J.R.

The government has not included in this proffer all facts within its knowledge regarding the count charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the Defendant's plea to the offense set forth in the Indictment.

## Breach of Plea Agreement

13. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and the Defendant's plea and sentence will stand. If at any time Defendant retains, conceals or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the government may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against Defendant in any prosecution resulting from the defendant's breach of this plea agreement.

14. Whether the Defendant has breached any provision of this plea agreement shall be determined solely by the United States through the United States Attorney's Office, whose judgment in that regard is final.

**Complete Agreement**

15. This written plea agreement, including the attached addendum of Defendant and her attorney, constitutes the complete plea agreement between the United States, Defendant and her counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against her and that she is pleading guilty freely and voluntarily because she is guilty.

16. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on __Oct 26__, 2018.

_____
KACIE LYNN THOMPSON
Defendant

Subscribed and sworn to before me on __October 26__, 2018.

DAVID BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

RYAN K. PATRICK
UNITED STATES ATTORNEY

By: _____          _____
Jay Hileman                                           John Parras
Assistant United States Attorney        Attorney for Defendant
Southern District of Texas                  440 Louisiana Street, Suite 1350
Telephone: (713) 567-9391                 Houston, Texas 77002
Facsimile: (713) 718-3301                   (713) 718-4600


**PLEA AGREEMENT - ADDENDUM**

I have fully explained to Defendant his rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> and <u>Policy Statements</u> and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.


_____          10/26/18
Attorney for the Defendant                     Date

8

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me.   My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> which may apply in my case.   I have read and carefully reviewed every part of this plea agreement with my attorney.   I understand this agreement and I voluntarily agree to its terms.

_____          10/26/18
DEFENDANT                                                  Date